**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1429

ADDIS YILMA BEKELE,

              Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 27, 2012        Decided: April 9, 2012

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Solomon Bekele, LAW OFFICES OF SOLOMON & ASSOCIATES, Washington, D.C., for Petitioner. Tony West, Assistant Attorney General, Michael P. Lindemann, Sr., Chief, National Security Unit, Ethan B. Kanter, Deputy Chief, National Security Unit, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Addis Yilma Bekele, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order finding that he was statutorily ineligible for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"), but granting him deferral or removal under the CAT. We deny the petition for review.

Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations[.]" Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008) (citation omitted). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992); see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Because the Board affirmed the immigration judge's order and supplemented it, both decisions are subject to judicial review. Niang v. Gonzales, 492 F.3d 505, 511 n.8 (4th Cir. 2007).

Aliens who have engaged in terrorist activities or are members of a terrorist organization may be statutorily precluded

2

from seeking several forms of relief from removal, including asylum, withholding from removal, and Convention Against Torture ("CAT") protection in the form of withholding, but remain eligible for deferral of removal under the CAT. See Haile v. Holder, 658 F.3d 1122, 1125-26 (9th Cir. 2011) (citing statutory and regulatory regimen).

We conclude that substantial evidence supports the finding that the Oromo Liberation Front ("OLF") was a terrorist organization before, during and after Bekele provided material support. The record does not compel a finding that Bekele showed by a preponderance of the evidence that the OLF ceased its terrorist activities for the brief period it was aligned with the transitional government and while Bekele was a member.

Accordingly, we conclude that the Board's conclusion that Bekele was not eligible for asylum, withholding from removal and withholding under the CAT was supported by the record and was not legal error. Therefore, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3